UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN H., <br><br>  Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | Case No. C24-2002-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating the medical opinions and Plaintiff's testimony. (Dkt. # 13.) Plaintiff seeks remand for an award of benefits. (*Id.* at 18-19.) The Commissioner filed a response arguing that, although the ALJ erred, remand for further proceedings is the proper remedy. (Dkt. # 18.) Plaintiff filed a reply. (Dkt. # 19.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the Commissioner's final

ORDER - 1

decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[1]

## II.    BACKGROUND

Plaintiff was born in February 1965, has at least a high school education, and has worked as a customer service representative supervisor. AR at 1081-82. Plaintiff was last gainfully employed in July 2015. *Id.* at 1067.

In December 2016, Plaintiff applied for benefits, alleging disability as of July 2015. AR at 15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in August 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* Plaintiff appealed the finding to this Court, which affirmed, and subsequently to the Ninth Circuit, which remanded for further proceedings. While her appeal was pending, Plaintiff filed a new application for benefits and was found disabled as of October 25, 2019. *Id.* at 1263. The Appeals Council consolidated her two cases and on remand the ALJ considered whether Plaintiff had been disabled for a closed period from July 1, 2015, through her date last insured, October 24, 2019. *Id.* at 1064-67.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of status-post acute myocardial infarction and pulmonary embolism, degenerative disc disease, osteoarthritis, fibromyalgia/chronic pain syndrome, migraines, obesity, depressive disorder, anxiety disorder, and status-post substance abuse/addiction disorder. AR at 1067. She had the residual functional capacity ("RFC") to perform light work with some additional exertional and environmental limitations; she could

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

perform well learned simple, routine and complex tasks; and she could have only incidental contact with the public and frequent interactions with coworkers. *Id.* at 1072. Finding Plaintiff could perform jobs available in significant numbers in the national economy, the ALJ concluded she was not disabled. *Id.* at 1082-83.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1210. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 5.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party

challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV.   DISCUSSION

### A.   Proper Remedy is Remand for Benefits

Plaintiff argues the ALJ's misevaluation of Dr. Cline's opinion and her testimony compels an award of benefits. (Dkt. # 19 at 9-10.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if all three prongs of the test are satisfied, the Court has flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

In this case, all three prongs of the *Garrison* test are satisfied. There is no dispute that the ALJ failed to provide legally sufficient reasons for rejecting the evidence. The record is comprehensive, including over two thousand pages of medical records and opinions admitted at the second hearing,[3] AR at 1405-3452, and over six hundred pages of medical records and

---

[3] While the ALJ found that "medical records prepared after the end of the period under review (October 25, 2019) cannot be used to establish disability prior to that date," Ninth Circuit law is clear that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." AR 1076, *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citations omitted).

opinions provided at the first hearing, *id.* at 379-1054. The record includes notes from over fifty appointments with Plaintiff's primary care provider, Dr. Cline. *Id.* at 723-966, 1440-1958. It also includes Plaintiff's testimony from two hearings, and multiple function reports she completed. *Id.* at 289-308, 318-25, 344-51, 1090-1183. The vocational expert at both hearings was asked hypotheticals about the capabilities of an individual with the same physical and mental limitations opined to by Dr. Cline and testified that she would be precluded from competitive employment. *Id.* at 1147-52, 1179-82.

Contrary to the Commissioner's argument, there are no outstanding issues to resolve. The Commissioner argues against awarding benefits due to conflicting medical opinions and the perceived unreliability of Plaintiff's reporting. (Dkt. # 18 at 1-2.) The ALJ erred, under regulations applicable to Plaintiff's claim, in giving great weight to non-examining reviewing doctors and little weight to Plaintiff's treating provider. *See* AR at 1078-81. On appeal to the Ninth Circuit, the Court found that the ALJ had not adequately accounted for Plaintiff's fibromyalgia and had not considered the complete diagnostic picture in discounting Plaintiff's testimony and Dr. Cline's opinion. *Id.* at 1256-57. The Court further cautioned that "two unrelated discrepancies in [Plaintiff]'s testimony regarding her migraines and use of a cane are not convincing reasons to discredit her testimony in full." *Id.* at 1256. The ALJ then repeated these same errors. *Id.* at 1076-77.

The final credit-as-true factor is also satisfied. The Commissioner does not dispute that the ALJ erred in evaluating Plaintiff's subjective symptom testimony and the opinion of her treating provider, Dr. Cline. If credited as true, Dr. Cline's opinion establishes that Plaintiff was disabled because the VE testified that someone with the limitations established by Dr. Cline could not work.

ORDER - 5

Nor is there any serious doubt based on the record as a whole that Plaintiff is in fact disabled. *See Garrison*, 759 F.3d at 1021. Both her physical and mental health conditions are well documented throughout the record, and the treatment notes consistently show she was suffering from severe pain and mental health issues. *See*, *e.g.*, AR at 387 ("[Plaintiff] has a history of chronic pain"), 533 (mental status exam showing incongruent affect, anxious and irritable mood, pressured speech, and tangential thought process), 536 ("After the heart attack I tried to get back to work again. I started having those black out things."), 546 ("pain to lower back still 8/10"), 552, ("Chronically ill appearing. Moving uncomfortably in bed to find a position of comfort."), 947 ("FINDINGS: . . . Severe degenerative disc space narrowing"), 1746 ("her low back, right knee and feet is the most painful and the pain makes her very depressed.").

In addition, the "exceptional facts" of this case strongly favor remand for immediate payment of benefits. *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). Plaintiff applied for benefits nearly nine years ago, asserting a disability stemming from multiple impairments that significantly hinder her abilities, the heart attack which prompted her application occurred over ten years ago, and her multiple impairments have ample corroboration from the longitudinal record. Indeed, there is no doubt that Plaintiff is disabled, the only dispute is when this disability began. The record is complete and the ALJ has already had two opportunities to evaluate Plaintiff's claims.

"The Commissioner is not entitled to repeatedly bounce a case back and forth between the different levels of reviewing tribunals until he eventually applies the proper legal standards to Plaintiff's claims; fairness demands an expeditious review process." *Davis v. Saul*, 2020 WL

3060415, at *5 (N.D. Cal. June 9, 2020).[4] Under these circumstances, granting the Commissioner a third opportunity to meet his burden would perpetuate the very "heads we win; tails, let's play again" disability benefits system that the Ninth Circuit has consistently warned against. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). "[F]urther delays at this point would be unduly burdensome." *Trevizo v. Berryhill*, 871 F.3d 664, 682-83 (9th Cir. 2017).[5]

In sum, the Court finds no justification to exercise its discretion to mandate yet another hearing. The overwhelming evidence supports an immediate award of benefits. Thus, the proper remedy is a remand for an immediate award, ensuring that Plaintiff receives the benefits to which she is entitled without further unnecessary delay.

## V.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 26th day of August, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[4] *See also Kaskie v. Comm'r of Soc. Sec.*, 2024 WL 4524188, at *4 (D. Ariz. Oct. 18, 2024) (rejecting argument that remand for a third time was needed to properly evaluate medical opinions and granting benefits); *K.J. v. Kijakazi*, 2024 WL 2113861, at *9 (N.D. Cal. May 6, 2024) (same); *Garcia v. Comm'r of Soc. Sec.*, 2024 WL 1886569, at *13 (E.D. Cal. April 30, 2024) ("Allowing the ALJ a 'redo' would only grant the ALJ an unwarranted do over and punish" plaintiff) (internal citation omitted).

[5] *See also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996) (remanding for benefits where the claimant "waited over seven years for her disability determination."); *Terry*, 903 F.2d at 1280 (granting benefits where claimant applied for benefits four years prior, despite lack of development regarding a possible job).

ORDER - 7